UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Olivia W.,[1] | Case No. 2:22-cv-00310-BNW |
| Plaintiff, | |
| v. | **ORDER re ECF Nos. 21 & 23** |
| Kilolo Kijakazi, Acting Commissioner of Social Security, | |
| Defendant. | |

This case involves review of an administrative action by the Commissioner of Social Security denying Plaintiff Olivia W.'s application for disability insurance benefits under Title II of the Social Security Act. On February 18, 2022, the parties consented to the case being heard by a magistrate judge in accordance with 28 U.S.C. § 636(c), and this matter was assigned to the undersigned for an order under 28 U.S.C. § 636(c). *See* ECF No. 3. The Court reviewed Plaintiff's motion for reversal and/or remand (ECF No. 21) and the Commissioner's cross-motion to affirm and response (ECF Nos. 23, 24). Plaintiff did not file a reply. For the reasons discussed below, the Court affirms the Commissioner's decision.

**I.    Procedural History**

On October 15, 2019,[2] Plaintiff applied for disability insurance benefits under Title II of the Social Security Act, alleging an onset date of November 2, 2017. ECF No. 12-1[3] at 158–59. Plaintiff's claim was denied initially and on reconsideration. *Id*. at 93–96; 98–102.

A telephonic hearing was held before Administrative Law Judge ("ALJ") Alan Markiewicz on December 3, 2020. *Id*. at 30–64. On February 19, 2021, ALJ Markiewicz issued a

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.
[2] The Administrative Law Judge's decision identifies October 11, 2019 as the date that Plaintiff applied for disability insurance benefits. ECF No. 12-1 at 18.
[3] ECF No. 12 refers to the Administrative Record in this matter which, due to COVID-19, was electronically filed. (Notice of Electronic Filing (ECF No. 12)). All citations to the Administrative Record will use the CM/ECF page numbers.

decision finding that Plaintiff was not disabled. *Id*. at 15–25. On December 22, 2021, the Appeals Council denied review. *Id*. at 4–9. On February 18, 2022, Plaintiff commenced this action for judicial review under 42 U.S.C. § 405(g). *See* Compl. (ECF No. 1).

**II.    Discussion**

   **1.    Standard of Review**

Administrative decisions in Social Security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which [s]he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See id*.; *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2004).

When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

### 2. Disability Evaluation Process and the ALJ Decision

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). Moreover, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that she can make a finding of disability or non-disability, a determination will be made, and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(a)(4)(i). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(a)(4)(ii). If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. § 404.1520(a)(4)(iii). If the individual's impairment or combination of impairments meets or equals the criteria of a listing and the duration requirement, then a finding of disabled is made. *Id*. § 404.1520(d). Otherwise, the analysis proceeds to step four.

However, before moving to step four, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1560; *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1545. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(a)(4)(iv). PRW means work performed

either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years. In addition, the work must have lasted long enough for the individual to learn the job and performed a SGA. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual can do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If she can do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence demonstrating that other work exists in significant numbers in the economy that the individual can do. *Yuckert*, 482 U.S. at 141–42.

Here, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520(a). ECF No. 12-1 at 20–25.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 2, 2017, the alleged onset date. *Id*. at 20.

At step two, the ALJ concluded that Plaintiff had the following severe impairments: degenerative joint disease of the left knee; degenerative joint disease of the right shoulder; disc disease of the lumbar spine; obesity; and status post rotator cuff repair on February 8, 2018. *Id*. at 21.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*.

The ALJ then found that Plaintiff has the RFC to perform "sedentary" work with the following limitations: She can lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk for 4 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; occasionally push and pull with the bilateral lower extremities; perform frequent reaching in all

directions with the right upper extremity; and perform the postural activities occasionally. *Id*. at 21–24.

At step four, the ALJ found that Plaintiff can perform past relevant work as an order clerk/customer complaint clerk. *Id*. at 24. The ALJ then concluded that Plaintiff was not under a disability at any time since November 2, 2017. *Id*.

### 3.   Analysis

#### A.   Whether the ALJ erred in evaluating the opinion evidence

The parties dispute whether the ALJ erred in evaluating the opinion evidence. *Compare* ECF No. 21 at 9–16 *with* ECF No. 23 at 5–11.

Under the new regulations concerning the evaluation of medical opinion evidence for applications filed on or after March 27, 2017,

> We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources . . . . The most important factors we consider when we evaluate the persuasiveness of medical opinions and prior administrative medical findings are supportability . . . and consistency . . . .

20 C.F.R. § 416.920c(a). Additionally, under the new regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). In fact, the ALJ "must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source, 20 C.F.R. § 404.1520c(b), and 'explain how [it] considered the supportability and consistency factors" in reaching these findings, *id*. § 404.1520c(b)(2)." *Id*.

Here, the ALJ considered the opinions of non-examining agency physicians Dr. Ross and Dr. Nickles:

> The opinion of Dr. Ross at the reconsideration level is overall well supported. On the other hand, the undersigned finds the determination of Dr. Nickles at the initial level is persuasive, who opined that the claimant should be limited to standing and walking of 4 hours in an 8-hour workday. The undersigned notes that the medical records support that the claimant has had some trouble with walking/ambulation, and it is reasonable to limit her standing and walking to 4 hours. Thus, the undersigned finds elements of both the residual functional capacity assessments of Dr. Ross and Dr. Nickles to be persuasive since they are consistent with the treating notes as discussed above.

1 | ECF No. 21-1 at 24.

2 | The ALJ discussed the opinions of both Dr. Ross and Dr. Nickles. He also explained how he determined that the doctors' opinions are persuasive, noting that their opinions are "consistent with the treating notes." *Id*.; see 20 C.F.R. § 404.1520c(a)–(b) (explaining that under the Agency's new regulations, ALJs no longer "weigh" medical opinions, but rather determine which are most "persuasive"). Additionally, although the doctors differed on Plaintiff's standing and walking limitation, the ALJ explained why he found the more restrictive walking limitation (provided by Dr. Nickles) more persuasive. *Id*. Furthermore, the ALJ's supportability and consistency findings are reasonable and supported by substantial evidence. In weighing the doctors' opinions, the ALJ noted what he found to be supported by the record before him and what he found consistent with or inconsistent with other evidence, as required by the Social Security regulations. *Id*. The ALJ also discussed the other evidence in the record he considered, including Plaintiff's hearing testimony and treatment records. *Id.* at 22–24. And, contrary to Plaintiff's position, the ALJ did not cherry-pick evidence, and he did address what Plaintiff considers to be "abnormal objective evidence and clinical examination findings[,]" including the 2019 lumbar spine MRI. *Compare, e.g.,* ECF No. 21 at 12 *with* ECF No. 12-1 at 23. Accordingly, because the ALJ did not harmfully err in assessing the challenged medical opinions, the Court affirms the ALJ's decision. Finally, Plaintiff submits that the ALJ's failure to properly assess the medical opinion evidence is harmful error because it "led to a failure to properly develop the evidence of record . . . ." ECF No. 21 at 12. However, because the Court found no error, it need not reach this issue.

//
//
//
//
//
//
//

## IV. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (ECF No. 21) is DENIED.

**IT IS FURTHER ORDERED** that the Commissioner's Cross-Motion to Affirm and Response to Plaintiff's Motion for Reversal and/or Remand (ECF Nos. 23, 24) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to enter judgment in favor of Defendant and close this case.

DATED: August 2, 2023.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE